h GUIDRY, J.,
dissenting.
In affirming the judgment of the trial court, the majority carefully bootstraps exceptions and exemptions found in federal statutes to shore up perceived gaps in the Louisiana Public Records Act, La. R.S. 44:1-41 (the Act) — a task better left to the legislative branch. As noted by the majority, the Act does not expressly exempt from disclosure the names and addresses of private employees working on a federally funded, state highway construction project.
The right of access to public records is fundamental; therefore, access may be denied only when the law specifically and unequivocally denies access. Williams Law Firm v. Board of Supervisors of Louisiana State University, 03-0079, p. 5 (La.App. 1st Cir.4/2/04), 878 So.2d 557, 562. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to see. To allow otherwise would be an improper and arbitrary restriction on the public’s constitutional rights. Times Picayune Publishing Corporation v. Board of Supervisors of Louisiana State University, 02-2551, p. 7 (La.App. 1st Cir.5/9/03), 845 So.2d 599, 605, writ denied, 03-1589 (La.9/5/03), 852 So.2d 1044. Laws providing for the examination of public records must be liberally interpreted to extend rather than restrict access to public records. Skamangas v. Stockton, 37,996, p. 6 (La.App. 2nd Cir.3/5/04), 867 So.2d 1009, 1013.
Judicial decisions are not intended to be an authoritative source of law in Louisiana; they are secondary to legislation. See A.N. Yiannopoulos, Louisiana Civil Law System § 35, p. 53 (1977); Doerr v. Mobil Oil Corporation, 00-0947, p. 13 (La.12/19/00), 774 So.2d 119, 128. Louisiana Revised Statute 44.4.1(A) expressly states “the legislature declares that all exceptions, exemptions, and limitations to the laws pertaining to public records shall be provided for in this Chapter or the Constitution of Louisiana.”
In this case, the legislature, in its abundant wisdom, chose not to exempt from disclosure the names and addresses of private employees working on public projects. As noted by the majority, La. R.S. 44:11(A)(3) only designates the home address of public employees of any public body as confidential; there is no similar provision for private employees working on public projects. Nor am I persuaded that private employees who work on public projects have a reasonable expectation of privacy with respect to the disclosure of this information, in conjunction with the employees’ job classifications, hourly wage rates, number of hours worked daily and weekly, deductions and actual wages paid. Excepting those employees who request that their home address be kept confidential pursuant to La. R.S. 44:11(A)(3), such information is subject to disclosure for public employees under the Act. See La. R.S. 44:l(A)(2)(a).
|sThe public has a fundamental right to view this information in order to evaluate whether their tax dollars are being spent wisely. Therefore, I respectfully dissent from the majority’s opinion in this matter.